IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| SAMMY RILEY, #164 075 | * |
| Petitioner, | * |
| v. | *  CIVIL ACTION NO. 2:05-CV-463-T |
| CHERYL PRICE, WARDEN, *et al.*, | * |
| Respondents. | * |

_____

**ORDER**

The instant application for habeas corpus relief was filed by Petitioner, Sammy Riley, on May 16, 2005.[1] He seeks to challenge his 1992 conviction for manslaughter entered against him by the Circuit Court for Elmore County, Alabama. Upon review of the instant petition, and in light of the statute of limitations applicable to the filing of habeas corpus actions,[2] the undersigned concludes that a limited response from Respondents is necessary to determine whether Petitioner is now time-barred from filing the instant action. Consequently, Respondents shall be directed to provide a limited response to the instant petition for habeas corpus relief focusing entirely on the applicability of the statute of

---

[1]Although the present petition was stamped "filed" in this court on May 19, 2005, the petition was signed by Petitioner on May 16, 2005. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Riley] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court construes May 16, 2005 as the date of filing.

[2]*See* 28 U.S.C. § 2244(d)(1).

limitations in this particular case pursuant to the provisions found in 28 U.S.C. § 2244(d). Should Respondents' response to the instant Order indicate that this case must proceed on the merits, Respondents will be given an adequate opportunity to file their answer.

Accordingly, it is ORDERED that:

1. Counsel for Respondents FILE a limited response as directed herein within twenty (20) days of service of this order on the Attorney General for the State of Alabama; and

2. The Clerk is DIRECTED to serve a copy of the petition and this order to the Attorney General for the State of Alabama and cause a copy of the same to be served upon Warden Cheryl Price.

Done this 23rd day of May, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE