IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SAMMY RILEY, #164075 | ) |
| Petitioner, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-463-T ) |
| CHERYL PRICE, Warden, et al., | ) ) ) |
| Respondents. | ) |

## Answer

1. Respondents admit Riley was convicted in the Elmore County Circuit Court on December 12, 1992 of manslaughter and was sentenced to life imprisonment.

2. Respondents aver the instant §2254 petition is barred by the one-year statute of limitation of 28 U.S.C. 2244(d).

3. Respondents deny Riley is entitled to the relief he requested.

### I. PROCEDURAL HISTORY

4. On December 12, 1992, Riley pleaded guilty to manslaughter and was sentenced to life imprisonment. (Exhibit A, C. 6) He did not appeal the conviction.

5. On March 15, 2000, Riley filed a Rule 32 petition alleging that the court lacked jurisdiction to render the judgment because manslaughter was not a lesser

included offense of capital murder.[1] (Exhibit A, 14-17) The State filed a motion to dismiss the petition on May 16, 2000. (Exhibit A, C. 18-19) On June 19, 2000, the trial court denied Riley's Rule 32 petition. (Exhibit A, C. 22)

6. On June 27, 2000, Riley filed written notice of appeal. (Exhibit A, C. 23) Briefs were filed by the parties in Riley's Rule 32 appeal. (Exhibits B and C) The Court of Criminal Appeals affirmed by memorandum on September 22, 2000. (Exhibit D) Riley did not file an application for rehearing.

7. Riley filed the instant 2254 petition on May 16, 2005.

**One-Year Period of Limitation Under 28 U.S.C. 2244(d)**

8. Riley's petition is barred by the one-year period of limitation of Title 28 U.S.C. 2244(d). Riley did not file a direct appeal of his December 12, 1992 manslaughter conviction; therefore, his conviction became final on January 11, 1993. A.R.A.P. 4(b)(1). Riley did not file his Rule 32 petition until March 15, 2000.

9. Because Riley's conviction and subsequent certificate of judgment in 1992 and 1993 occurred before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat 1214(1996) codified in pertinent part at 28 U.S.C. 2244(d), the one-year period of

---

[1] March 15, 2000 is the date Riley signed the petition, the petition was stamped filed on April 13, 2000. (Exhibit A, C. 6, 2)

limitation applicable to Riley's case should run from April 24, 1996 through April 23, 1997. This one-year grace period has been adopted by numerous courts for those petitioners whose convictions became final before the enactment of the ADEPA to avoid impermissible retroactive application of the law to their cases. See Goodman v. United States, 151 F. 3d 1335 (11th Cir. 1998); Wilcox v. Florida Department of Corrections, 158 F. 3d 1209 (11th Cir. 1998).

10. Riley's petition was filed no earlier than March 15, 2000; which was two years and eleven months after the expiration of the grace period. Although, under 28 U.S.C. 2244(d)(2), the legislatively created one-year period of limitation may be tolled for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending ...," Riley failed to file any Rule 32 petition before the one-year grace period had run. Riley did not file his first Rule 32 petition until almost three years after the period had run; thus, there was no applicable period to toll the petitions. See Webster v. Moore, 199 F. 1256, 1257 (11th Cir. 2000). Thus, Riley's petition was filed after the expiration of the one-year period of limitation and is, therefore, barred.

Wherefore the premises considered, Riley's Section 2254 petition is due to be dismissed under 28 U.S.C. 2244(d).

          Respectfully submitted,

          Troy King, ASB #KIN047
          *Attorney General*
          By-


          <u>s/Daniel W. Madison</u>
          Daniel W. Madison ID#MAD 029
          *Assistant Attorney General*

Exhibits List

| | |
|---|---|
| Exhibit A | Riley's March 15, 2000 Rule 32 petition; |
| Exhibit B | Riley's brief on appeal from denial of Rule 32; |
| Exhibit C | State's brief on appeal; |
| Exhibit D | Alabama Court of Criminal Appeals September 22, 2000 memorandum opinion. |

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:   Sammy Riley, AIS #203884, Fountain 3800, Atmore, AL  36503-3800.

                Respectfully submitted,

                Troy King, ASB #KIN047
                *Attorney General*
                By-


                <u>s/Daniel W. Madison</u>
                Daniel W. Madison ID#MAD 029
                *Assistant Attorney General*

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery AL  36130-0152
(334) 242-7300

206649/RILEY, SAMMY