153047-001

COURT OF CRIMINAL APPEALS NO. _99-2069_

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

## CIRCUIT COURT OF _____ELMORE_____ COUNTY, ALABAMA

CIRCUIT COURT NO. _CC 92 – 394.60_

CIRCUIT JUDGE _HON. BEN A. FULLER_

Type of Conviction / Order Appealed From: _RULE 32_

Sentence Imposed: _____

Defendant Indigent: [X] YES  [ ] NO

SAMMY RILEY

NAME OF APPELLANT

_Sammy Riley AIS #164075_
(Appellant's Attorney)                    (Telephone No.)
_Limestone Correctional Facility_
(Address)
_P O Box 66  Capshaw, AL  35742-0066_
(City)              (State)              (Zip Code)

V.

## STATE OF ALABAMA

NAME OF APPELLEE

(State represented by Attorney General)
NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____
_____

(For Court of Criminal Appeals Use Only)



# I N D E X

ORGANIZATION OF COURTS ..................................... 01

CASE ACTION SUMMARY SHEETS ................................. 02

IN FORMA PAUPERIS DECLARATION & ORDER ...................... 03

PETITION FOR RELIEF FROM CONVICTION OR SENTENCE ........... 06

MOTION TO DISMISS ......................................... 18

ORDER ..................................................... 22

NOTICE OF APPEAL .......................................... 23

COURT OF CRIMINAL APPEALS DOCKETING STATEMENT ............. 25

REPORTER'S TRANSCRIPT ORDER ............................... 27

NOTICE OF APPEAL TO THE COURT OF CRIMINAL APPEALS ......... 28

CERTIFICATE OF COMPLETION OF RECORD ON APPEAL BY TRIAL CLERK

APPEAL TO THE COURT OF CRIMINAL APPEALS OF ALABAMA

AT A REGULAR, ADJOURNED OR SPECIAL SESSION OF THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA, CRIMINAL DIVISION, AT WHICH TIME THE OFFICERS AUTHORIZED BY LAW TO SERVE WERE SERVING, THE FOLLOWING PROCEEDINGS WERE HAD IN THE CASE STYLED:

SAMMY RILEY
  Appellant

    VS

STATE OF ALABAMA
  Appellee

IN THE CIRCUIT COURT

OF ELMORE COUNTY, ALABAMA

CASE NO.: CC 92 - 394.60

APPEARANCES

FOR THE APPELLANT:

SAMMY RILEY AIS 164075
LIMESTONE CORRRECTIONAL
P O BOX 66
CAPSHAW, ALABAMA  35742-0066

FOR THE APPELLEE:

HON. BILL PRYOR
ATTORNEY GENERALS OFFICE
11 S UNION STREET
MONTGOMERY, ALABAMA  36130

CIRCUIT JUDGE:

HON. BEN A FULLER
P O BOX 608206
PRATTVILLE, ALABAMA  36068

COURT REPORTERS:

```
ACR0372                ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 1992 000394 60
OPER: SHC                        CASE ACTION SUMMARY
PAGE:  1                         CIRCUIT   CRIMINAL               RUN DATE: 04/17/2000
IN THE CIRCUIT COURT OF  ELMORE                                           JUDGE: BAF

STATE  OF  ALABAMA                    VS        RILEY SAMMY
                                                LIMESTONE CORR AIS 164075
CASE: CC 1992 000394 60                         P O BOX 66
                                                CAPSHAW, AL  35742 0066

DOB: 06/18/1957       SEX: M  RACE: B  HT: 5 07  WT: 162   HR: BLK EYES:
SSN: 424261920  ALIAS NAMES

CHARGE01: RULE 32-FELONY      COMED01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                        AGENCY/OFFICER: 0290000

DATE WAR/CAP ISS:                    DATE ARRESTED:
DATE     INDICTED:                   DATE     FILED: 04/13/2000
DATE    RELEASED:                    DATE  HEARING:
BOND      AMOUNT:          $.00      SURETIES:

DATE 1:               DEDO:              TIME: 0000
DATE R:               DEPO:              TIME: 0000

TRACKING NOS: CC 1992 000394 00                         /

   DEF/ATY:                       TYPE:                          TYPE:

                             00700                    00000

PROSECUTOR: JAMES WALTER P



   JUDGE: CC1992000394 00  CHK TICKET NO:                  GRAND JURY:
JURT REPORTER              SID NO:      010F266300
DEF STATUS: PRISON          DEMAND:                          OPER: SHC
NOTE:                                                     9200070700
DATE        ACTIONS  JUDGEMENTS  AND  NOTES
```

| Date | Actions, Judgements, and Notes |
|---|---|
| 4-10-00 | In Forma Pauperis Declaration |
| 4-13-00 | Granted c: DA & S. Riley |
| 4-13-00 | Petition for Relief from Conviction or Sentence c: DA & S. Riley |
| 5-16-00 | Motion to Dismiss |
| 6-10-00 | Order c: DA & S. Riley |
| 6-27-00 | Notice of Appeal |
| 6-27-00 | Docketing Statement c: DA, AG, CoCA |
| 6-27-00 | Court Reporters Transcript Order — |
| 7-5-00 | Notice of Appeal to Court of Criminal Appeals c: DA, AG, |

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months. *N / A*

_____

_____

_____

_____

3.  Do you own cash, or do you have money in a checking or savings account?

    Yes _____          No ✓

    (Include any funds in prison accounts.)

    If the answer is "yes", state the total value of the items owned. *N / A*

_____

_____

_____

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

    Yes _____          No ✓

    If the answer is "yes", describe the property and state its approximate value.

_____

_____

_____

5.  List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support. *N / A*

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on ___*3 / 27 / 2000*___
                (Date)

*Sammy Riley  164075*
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ *103* _____ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said *Limestone C.F.* _____ institution:

___*3/29/2000*___          *Martha Silker  Account Clerk*
Date signed                 ~~Notary Pulic~~ / Account Clerk

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
LIMESTONE CORECTIONAL FACILITY

AIS #:  164075          NAME:  RILEY, SAMMIE J.

THESE FIGURES ARE AS OF:  ·03/29/2000

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| SEP | 1 | $0.00 | $0.00 |
| OCT | 31 | $0.00 | $0.00 |
| NOV | 30 | $0.00 | $0.00 |
| DEC | 31 | $0.00 | $0.00 |
| JAN | 31 | $2.78 | $28.39 |
| FEB | 28 | $0.65 | $16.00 |
| MAR | 29 | $2.29 | $10.00 |



APR 2000

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

## (Pursuant to Rule 32, Alabama Rules of Criminal Procedure)

**Case Number**

| CC | 92 | 394.60 |
|----|----|--------|
| ID | YR | NUMBER |

IN THE ___Circuit___ COURT OF ___Elmore___ ALABAMA

___Sammie Riley___ vs. ___State of Alabama___

Petitioner (Full Name)  Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number ___#164075___ Place of Confinement ___Limestone Corr. Fac.___

County of conviction ___Elmore, Alabama___

NOTICE:  BEFORE COMPLETING THIS FORM, READ CAREFULLY
THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack ___Elmore County, Alabama___

2. Date of judgment of conviction ___December 12, 1992___

3. Length of sentence ___Life___

4. Nature of offense involved (all counts) ___Capital Murder-----amended manslaughter___

5. What was your plea?  (Check one)

6. Kind of trial: (Check one)

    (a)  Jury _____           (b)  Judge only _XXX_

7. Did you testify at the trial?

    Yes _____          No _XXX_

8. Did you appeal from the judgment of conviction?

    Yes _____          No _XXX_

9. If you did appeal, answer the following:

    (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court _____ N/A _____

            _____

        (2)  Result _____

            _____

        (3)  Date of result _____

            _____

    (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1)  Name of court _____ N/A _____

            _____

        (2)  Result _____

            _____

        (3)  Date of result _____

            _____

    (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1)  Name of court _____ N/A _____

            _____

        (2)  Result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _____          No _XXX_

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court _____ N/A _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?
N/A

Yes _____          No _____

(5) Result _____

(5) Date of result _____

(b) As to any second petition, application, or motion, give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _____

(5) Result _____

(6) Date of result _____

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1) Name of court

section N/A

(2)  Nature of proceeding _____

(3)  Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____            No _____

(5)  Result _____

(6)  Date of result _____

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.          Yes _____            No _____

(2)  Second petition, etc.        Yes _____            No _____

(3)  Third petition, etc.         Yes _____            No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____ N/A _____

_____

_____

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

XXXX  A.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

(1)    Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2)    Conviction obtained by use of coerced confession.

(3)    Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)    Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)    Conviction obtained by a violation of the privilege against self-incrimination.

(6)    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)    Conviction obtained by a violation of the protection against double jeopardy.

(8)    Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9)    Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

XXXXX  B.    The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

C.    The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

D.    Petitioner is being held in custody after his sentence has expired.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

E.    Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F. The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

3. IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

> "Successive Petitions. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____          No XXX

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a) Name of court _____ N/A _____

(b) Result _____

(c) Date of result _____
    (attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

> On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14    Do you

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

    (a)  At preliminary hearing _____ unknown _____

    _____

    (b)  At arraignment and plea ___ unknown ___

    _____

    (c)  At trial _____ N/A _____

    _____

    (d)  At sentencing _____ unknown _____

    _____

    (e)  On appeal _____ N/A _____

    _____

    (f)  In any post-conviction proceeding __pending__ before this court

    _____

    _____

    (g)  On appeal from adverse ruling in a post-conviction proceeding N/A

    _____

    _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

    Yes _____        No _XXX_

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    Yes _____        No _XXXX_

    (a)  If so, give name and location of court which imposed sentence to be served in the future: _____

        N/A _____

    (b)  And give date and length of sentence to be served in the future: _____

        N/A _____

    (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

        Yes _____        No _XXX_

18. What date is this petition being mailed?

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on ___March 15, 2000___
                    (Date)

___Sammy Riley · 164075___
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _15th_ day of ___March___ 19 _2000_

___Faye S. Davis___
Notary Public

## OR

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____
                                              (Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, 19 _____.

_____
Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

## GROUNDS OF PRECLUSION:

This appeal isn't barred by the operation of Rule 32.2 (3)(5), because it is jurisdictional. Petitioner can not plea guilty to an offense that he hasn't been indicted for. In this case manslaughter wasn't a lesser included offense of capital murder and therefore the trial court lack the subject matters of jurisdiction because the State failed to come forth with an indictment, information, or complaint for manslaughter.

## SUCCESSIVE PETITION:

This appeal isn't barred by the successive petition because petitioner has never submitted to this court any petition prior to the filing of this one. Therefore successive petition isn't at bar.

## STATUE OF LIMINATION:

This appeal isn't barred by the two year statue of limination because the issue that is being presented to this court is jurisdictional and can be raised at any time, whether it was on direct appeal or not. A plea of guilty waives all non-jurisdictional issues but it don't waive any jurisdictional issue. Therefore this jurisdictional issue must be addressed.

<u>GROUNDS FOR RELIEF:</u>

<u>THE TRIAL COURT WAS WITHOUT JURISDICTION TO RENDER
OR TO IMPOSE THE SENTENCE:</u>

Petitioner contends that in the absent of an indictment, information or complaint, upon which prosecution should have begun, the trial court was without jurisdiction to render the judgment or to impose the sentence. <u>Woodham v. State,</u> 28 Ala. App. 62, 178 So. 2d 464 (1938). The charge in which petitioner plead guilty to was manslaughter under <u>Alabama Code</u>, 1975 §13A-6-3 (a)(1), from the original charge and indictment for Capital Murder under <u>Alabama Code</u>, 1975, §13A-5-40 (a)(2). It's petitioner's present contention that manslaughter isn't a lesser included offense under <u>Alabama Code</u>, 1975 §13A-1-9 (a) (lesser included offense) of the original charging indictment.

The amendment pursuant to <u>Alabama Rules of Criminal Procedures</u>, Rule 15.5 (a), only allow the prosecutors to amend an indictment to an offense that is a lesser included offense of the original indictment. 15.5 section (a) reads as follows:

> AMENDMENT OF CHARGE: A charge may be amended by the order of the court with the consent of the defendant in all cases except to change the offense or to charge a new offense not included in the original indictment, information or complaint.

The elements of capital murder under §13A-5-40 (a)(2), requires that petitioner Intentionally killed someone during the course of a first degree robbery. Both intentionlly killing and robbery must be proven to sustain a conviction. Beck v. State, 396 So. 2d 645 (Ala. 1980). In Walker v. State, 523 So. 2d 528 (Ala. Cr. App. 1988), the court held that Reckless murder was not a lesser included offense of intentional murder of two or more people. In regarding the statutory provisions together, the court concluded that the murder charge in §13A-5-40 (a)(10) is intentional murder as defined in §13A-6-2 (a)(1), and at the time these statues were written reckless murder as defined §13A-6-2 (a)(2) could be a lesser included offense of intentional murder charge in the capital offense, provided the requirements of §13A-1-9, which defines lesser included offenses. There is no provision for intentional murder under §13A-6-2 (a)(2) or (3), and because there's no degree in murder, manslaughter can not be a lesser included offense of a capital murder. Reckless murder during the commission of another offense will not support a judgment of a conviction. The killing must be intentional. Therefore the plea that petitioner enter before this court was without the benifit of indictment, information, or complant, and thus the trial court's judgment was null and void and no force of effect. Wesley v. State, 448 So. 2d 468 (Ala. Cr. App. 1984).

Petitioner recognize that it has been the law that a person indicted for a specific offense can be convicted of a lesser included offense. Code 1975, §13A-1-9; Chavers vs. State, 361 So. 2d 1106 (Ala. App. 1978), on remand, 361 So. 2d 1109 (Ala. Cr. App. 1978).

This is true because a lesser included offense is generally defined as an offense the elements of which must necessarily be proven in order to convict for the specific higher offense. <u>Mayes vs. State</u>, 350 So. 2d 339 (Ala. Cr. App. 1977). Therefore it is very impossible to commit the greater offense without first committing the lesser included offense. <u>Sharpe vs. State</u>, 340 So 2d 885 (Ala Cr. App.), cert. denied, 340 So. 2d 889 (Ala. 1976). As defined in <u>Walker</u>, Supra. the only lesser included offense to the charge of an capital murder §13A-5-40 was felony murder and murder under §13A-6-2, Code of Alabama 1975. Because the statue of murder §13A-6-2 has been revised;that statue excluded reckless murder as defind now as manslaughter under §13A-6-3.

Therefore the charge that petitioner intered a plea of guilty to (manslaughter) did not rest upon an indictment, information or complaint which the prosecutors should have begun. Therefore the trial court was without jurisdiction to render the judgment or to impose the sentence under Alabama Law. This petition must be granted.

## CONCLUSION:

Petitioner concludes that he is entitle to have this matter brought before this Honorable court pursuant to Rule 32.9 (a) of Alabama Rules of Criminal Procedures, because this issue is jurisdiction and it must be address by vertue of Alabama Law.

This the 15th day of _March_____, 2000

_Sammy Riley 164075_
Sammie Riley #164075

IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL CIRCUIT
ELMORE COUNTY, ALABAMA

SAMMY RILEY                          *
    PETITIONER                   *
                                 *
                                 *
vs.                                  *          CC 00-
                                 *
STATE OF ALABAMA                     *
    RESPONDENT                   *

## MOTION TO DISMISS

COMES NOW the State of Alabama, by and through the District Attorney for the 19th Judicial Circuit, and moves this Court to dismiss the above-styled petition, and as ground therefore avers to the Court the following:

1. Petitioner was indicted under § 13-5-40(a)(2), Murder during a robbery in the first degree or an attempt thereof committed by the defendant.

2. As part of a plea agreement, Petitioner's indictment was amended to Manslaughter with the consent of all parties. (Judge's order attached)

3. Petitioner pled guilty to Manslaughter and was sentenced to Life after having been indicted for Capital Murder.

4. Petitioner asserts that the Court was without jurisdiction to render judgement or impose sentence in the above-styled case.

5. Petitioner asserts that a charge of § 13-5-40(a)(2), Capital Murder, cannot be amended to Manslaughter. Petitioner argues that according to Beck v. State, 396 So.2d 645 (Ala. 1980), the elements of § 13-5-40(a)(2) are robbery and an intentional killing. Petitioner further argues that according to Walker v. State, 523 So.2d 528, reckless murder is not a lesser included offense of the intentional murder of two or more people. Petitioner asserts that because §13-5-40(a)(2) requires an intentional crime and a reckless crime cannot be a lesser included offense of an intentional crime, the indictment for §13-5-40(a)(2) could not have been amended to manslaughter. However, after reading Beck and a review of the Code of Alabama, the Respondent has found no evidence that intentional murder is required under § 13-5-40(a)(2). Section 13A-5-40(a)(2) states only "Murder by the defendant during a robbery in the

first degree or an attempt thereof". There is also ample case law where reckless murder has been ruled to be a lesser included offense under various subsections of §13-5-40(a). D.D.A. v. State, 650 So. 2d 571 ( Ala. Crim. App. 1994), Fox v. State, 659 So. 2d 210 (Ala. Crim. App. 1994). Further, § 13-5-41, Code of Alabama, specifically states " Lesser included offenses shall be defined as provided in 13A-1-9(a), and when there is a rational basis for such a verdict, include but are not limited to, murder as defined in Section 13A-6-2(a), and the accompanying felony, if any, in the provision of Section 13A-5-40(a) upon which the indictment is based". Section 13A-5-41 includes both of types of murder under Section 13A-6-2(a), intentional murder under (a)(1), and reckless murder under (a)(2). Because the State could meet its burden by proving a reckless murder, manslaughter is a lesser included offense of § 13-5-40(a)(2) and the indictment was properly amended. Therefor, the Petitioner's claim that the Court was without jurisdiction to render judgement or impose sentence in the above-styled case is without merit.

WHEREFORE PREMISES CONSIDERED, the District Attorney requests that said petition be dismissed for the aforementioned reasons.

Respectfully submitted this the ⎯16⎯ day of ⎯⎯May⎯⎯, 2000.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
W. Kendrick James
Assistant District Attorney

CASE ACTION SUMMARY                                                    JUDGE: SWD

IN THE CIRCUIT    COURT OF    ELMORE    COUNTY

TATE OF ALABAMA                    VS        RILEY SAMMY
                                             ELMORE COUNTY JAIL
A    CC 92 000394 00                         WETUMPKA         AL   36092-0000

OB: 06/18/67   RACE: B   SEX:   M   HT:        WT:        HR:        EYE:
SSN: 000000000    ALIAS NAMES:

HARGE1: MURDER CAPITAL            CODE1: CMUR LIT: MURDER CAPITAL   TYPE: F
HARGE2:                          CODE2: 0000                      TYPE: 0
HARGE3:                          CODE3: 0000                      TYPE: 0
ORE?:         OFFENSE DATE: 06/03/92   AGENCY/OFFICER:

ATE WAR/CAP ISS: __/__/__          DATE ARRESTED: 06/17/92
ATE    INDICTED: 10/09/92          DATE   FILED: 10/27/92
ATE    RELEASED: __/__/__          DATE HEARING: __/__/__
       BOND AMOUNT:        $. 00       SURETIES:

ATE 1: 11/24/92 DESC:  ARRG      TIME:  0900 A
ATE 2:          DESC:  0000      TIME:  0000

EF/ATY: JOHNSTON, PARKER COLLEY   TYPE: P                    TYPE:
ROSECUTOR: CLARDY, JANICE Thornton
C CASE: 9200070700    CHK/TICKET NO:                   GRAND JURY: 5
OURT REPORTER           SID NO: 000000000
EFENDANT STATUS: JAIL                                  OPID: RHC

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 11/24/92 | Defendant being an indigent, Honorable John Thornton, LLC is appointed to defend. 93 |
| 24/92 | Defendant present in court with counsel. Indictment read in open court to the Defendant. 93 |
| 11/24/92 | Defendant upon arraignment in the presence of his attorney waived the reading of the indictment and entered a plea of not guilty, not guilty by reason of insanity, and not guilty by reason of mental disease or defect. 93 |
| 11-24-92 | Order at arraignment 93 |
| 11-25-92 | DEFENDANT'S REQUEST FOR PRODUCTION |
| 12-10-92 | STATE'S REQUEST FOR PRODUCTION |
| 12-10-92 | Notice Of Habitual Offender Status |
| 12-22-92 | On motion of State, Indictment amended to Manslaughter. SWD |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the Petitioner, Sammie Riley, AIS # 164075, Limestone Correctional Facility, P.O. Box 66, Capshaw, AL 35742, by placing the same in the U.S. Mail, postage prepaid and properly addressed.

W. Kendrick James
Assistant District Attorney

IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL CIRCUIT
ELMORE COUNTY, ALABAMA

SAMMY RILEY                          *
    PETITIONER                   *
                          JUN 2000        *           92- 394.60
vs.                                  *           CC 90-
STATE OF ALABAMA                     *
    RESPONDENT                   *

### ORDER

       THIS MATTER having been presented before the Court by the District Attorney for the 19th Judicial Circuit, and the Court having made the following findings:

       Petitioner's assertion that the Court was without jurisdiction to render judgement or impose sentence in the above-styled case is without merit.

This Court does hereby

       ORDER, ADJUDGE AND DECREE that Petitioner's Motion is dismissed, this the _____ 9th _____ day of _____ June _____, 2000.

_____
CIRCUIT JUDGE
19TH JUDICIAL CIRCUIT

JUN 2000

IN THE CIRCUIT COURT OF ___Circuit___ COUNTY, ALABAMA


Sammy Riley____,
     Defendant/Appellant,

v.                                CASE NO. CV92-394.60
                                  _____

State of Alabama
     Plaintiff/Appellee
_____/


NOTICE OF APPEAL


    Notice is hereby given that the above named Defendant/Petitioner appeals to the Alabama Court of Criminal Appeals, from the judgment/order entered by the above named Court on the _27_ day of _June____, _2000_.


Dated this the _27_ day of _June.____, _2000_.



                     _Sammy Riley_____
                       Defendant/Appellant

CC/ Alabama Criminal Appeal
    Retained for the file


    enc:

# NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
## BY THE TRIAL COURT CLERK

Sammy Riley _____ V. XXX STATE OF ALABAMA

APPELLANT'S NAME                              ☐ CITY OF _____

(as it appears on the indictment)                                      APPELLEE

XXX CIRCUIT  ☐ DISTRICT  ☐ JUVENILE COURT OF   Elmore   ☐ COUNTY

CIRCUIT/DISTRICT/JUVENILE JUDGE:   Ben A. Fuller _____

DATE OF NOTICE OF APPEAL:   June 27, 2000 _____

(NOTE: If the appellant is incarcerated and files notice of appeal, this date should be the date on the certificate
of service, or if there was no certificate of service, use the postmark date on the envelope.)

**INDIGENCY STATUS:**

| | | |
|---|---|---|
| Granted Indigency Status at Trial Court: | ☒ Yes ☐ No |
| Appointed Trial Counsel Permitted to Withdraw on Appeal: | ☐ Yes ☐ No |
| Indigent Status Revoked on Appeal: | ☐ Yes ☒ No |

**DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?   ☐ Yes ☒ No

**TYPE OF APPEAL:** (Please check the appropriate block.)

☐ State Conviction       ☐ Pretrial Appeal by State    ☐ Juvenile Transfer Order
☒ Rule 32 Petition       ☐ Contempt Adjudication       ☐ Juvenile Delinquency
☐ Probation Revocation   ☐ Municipal Conviction        ☐ Habeas Corpus Petition
☐ Mandamus Petition      ☐ Writ of Certiorari          ☐ Other(specify)

IF THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E. RULE 32 PETITION, WRIT OF HABEAS CORPUS, ETC.) OR
FROM ANY OTHER ORDER ISSUED BY THE TRIAL JUDGE, COMPLETE THE FOLLOWING:

TRIAL COURT CASE NO.:   CC92-394.60 _____

DATE ORDER WAS ENTERED:  June 9, 2000        PETITION: ☒ Dismissed  ☐ Denied  ☐ Granted

IF THIS IS AN APPEAL FROM A CONVICTION, COMPLETE THE FOLLOWING:

DATE OF CONVICTION:  10-27-92 _____     DATE OF SENTENCE:  10-27-92 _____

YOUTHFUL OFFENDER STATUS:

Requested:  ☒ Yes ☐ No     Granted:  ☐ Yes ☐ No

LIST EACH CONVICTION BELOW: (attach additional page if necessary)

1.  Trial Court Case No. CC92-394 _____  CONVICTION: Manslaughter _____
    Sentence: _____ Life _____
2.  Trial Court Case No. _____  CONVICTION: _____
    Sentence: _____
3.  Trial Court Case No. _____  CONVICTION: _____
    Sentence: _____

**POST-JUDGMENT MOTIONS FILED:** (complete as appropriate)   Date Filed    Date Denied    Continued by Agreement To (Date)

☐ Motion for New Trial ............................. _____ _____ _____
☐ Motion for Judgment of Acquittal ................. _____ _____ _____
☐ Motion to Withdraw Guilty Plea ................... _____ _____ _____
☐ Motion in Arrest of Judgment ..................... _____ _____ _____
☐ Other ............................................ _____ _____ _____

COURT REPORTER(S): ........ _____
ADDRESS: .................. _____

APPELLATE COUNSEL: ........ _____
ADDRESS: .................. _____

APPELLANT: (IF PRO SE) ...... AIS# 164075 Sammy Riley  P.O. Box 66 Capshaw, Al. 35742
ADDRESS: .................. _____

APPELLEE (IF CITY APPEAL): .. _____
ADDRESS: .................. _____

I certify that the information provided above is accurate
to the best of my knowledge and I have served a copy of this
Notice of Appeal on all parties to this action on
this _____ day of _____ .        _____
                                          CIRCUIT COURT CLERK

APPENDIX BB

| State of Alabama Unified Judicial System Form ARAP-26 (front)  8/91 | COURT OF CRIMINAL APPEALS DOCKETING STATEMENT | Criminal Appeal Number |
|---|---|---|

**A. GENERAL INFORMATION:**

☒ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF    Elmore                        COUNTY

Sammy Riley                                                                        , Appellant

v.  ☒ STATE OF ALABAMA  ☐ MUNICIPALITY OF _____ ,

| Case Number CC92-394.60 | Date of Complaint or Indictment N/A | Date of Judgment/Sentence/Order June 9, 2000 |
|---|---|---|
| Number of Days of Trial/Hearing Ø Days | Date of Notice of Appeal Oral: | |
| Indigent Status Requested: ☒ Yes ☐ No | | Written: June 27, 2000 |

Indigent Status Granted: ☐ Yes ☒ No

**B. REPRESENTATION:**

Is Attorney Appointed or Retained?  ☐ Appointed  ☐ Retained.

If no attorney, will appellant represent self? ☒ Yes ☐ No

Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)

| Sammy Riley | Telephone Number N/A |
|---|---|
| Address P.O. Box 66 | City Capshaw | State AL. | Zip Code 35742-0066 |

**C. CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.

| Codefendant N/A | |
|---|---|
| Codefendant | Case Number N/A |
| Codefendant | Case Number |
| | Case Number |

**D. TYPE OF APPEAL:** Please check the applicable block.

1 ☐ State Conviction
2 ☒ Post-Conviction Remedy
3 ☐ Probation Revocation
4 ☐ Pretrial Order
5 ☐ Contempt Adjudication
6 ☐ Municipal Conviction
7 ☐ Juvenile Transfer Order
8 ☐ Juvenile Delinquency
9 ☐ Habeas Corpus Petition
10 ☐ Other (Specify)

**E. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - §
2 ☒ Homicide - § 13A-6-3
3 ☐ Assault - §
4 ☐ Kidnapping/Unlawful Imprisonment - §
5 ☐ Drug Possession - §
6 ☐ Trafficking in Drugs - §
7 ☐ Theft - §
8 ☐ Damage or Intrusion to Property - §
9 ☐ Escape - §
10 ☐ Weapons/Firearms - §
11 ☐ Fraudulent Practices - §
12 ☐ Offense Against Family - §
13 ☐ Traffic - DUI - §
14 ☐ Traffic - Other - §
15 ☐ Miscellaneous (Specify): _____ - §

**F. DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?  ☐ Yes  ☒ No

**G. TRANSCRIPT:**

1. Will the record on appeal have a reporter's transcript?  ☐ Yes ☒ No
   If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed.
   If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?  ☐ Yes  ☐ No     (Date)
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  ☐ Yes  ☐ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

Form ARAP-26 (back)    8/91

## COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

This is an appeal from the denial appellant's rule 32 petition where he claimed that the trial court was without jurisdiction to render the judgement or to impose the sentence because the charge for which he plead guilty to wasn't named in the original indictment and therefore he plead guilty to and offense for which he hasn't been indicted for. The State respondent and claimed that in verious sections of §13A-5-40 (a)(2) manslaughter was a lesser included offense. The trial court denied appellant's petition without making specific finding to the petition. Appellant therefore give proper notice of appeal dated this 27 day of June 2000. This appeal follows.

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

1. DID THE TRIAL COURT PROPERLY DISMISS APPELLANT RULE 32 PETITION, WHERE HE DID NOT MAKE A SPECTIFIC FINDING OF THE FACTS OUTLINED IN APPELLANT'S PETITION.

**K. SIGNATURE:**

June 27, 2000
Date

_Sammy Riley_ sammy Riley
Signature of Attorney/Party filing this Form

State of Alabama
Unified Judicial System

Form ARAP- 1C          8/91

REPORT      S TRANSCRIPT ORDER -- CRIMIN__

See Rules 10(c) and 11(b) of the
Alabama Rules of Appellate Procedure (A.R. App.P.)

Criminal Appeal Number

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APP__ OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

[X] CIRCUIT COURT   [ ] DISTRICT COURT   [ ] JUVENILE COURT OF _____ Elmore _____ COUNTY

_____ Sammy Riley _____                                                    Appellant

V.   [X] STATE OF ALABAMA      [ ] MUNICIPALITY OF _____

| Case Number CC92-394.60 | Date of Judgment/Sentence/Order June 9, 2000 |

| Date of Notice of Appeal Oral: June 27, 2000 Written: Same | Indigent Status Granted: [X] Yes   [ ] No |

PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

_Sammy Riley_                June 27, 2000              Sammy Riley
Signature                      Date                    Print or Type Name

PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED. Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R App P)):

MARK PROCEEDINGS REQUESTED:                                          COURT REPORTER(S)

A. [ ] TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence          _____
proceedings, a transcript of the organization of the jury and arguments of counsel must            _____
be designated separately                                                                           _____

B. [ ] ORGANIZATION OF THE JURY - This designation will include voir dire examination and          _____
challenges for cause. Note that in noncapital cases the voir dire of the jury will not be          _____
recorded unless the trial judge so directs (See Rule 19.4, ARCrP)                                  _____

C. [ ] ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will           _____
not be recorded unless the trial judge so directs (See Rule 19.4, ARCrP)                           _____

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

ADDITIONAL PROCEEDINGS REQUESTED                DATE              COURT REPORTER(S)

D. _____      _____      _____

E. _____      _____      _____

F. _____      _____      _____

G. _____      _____      _____

IMPORTANT NOTICE: The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R App P)

PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

_____        _____        _____
Signature                          Date                  Print or Type Name

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript

ACR371

ALABAMA JUDICIAL DATA CENTER
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF    ELMORE COUNTY
STATE OF ALABAMA VS RILEY SAMMY                    JUDGE: BEN A FULLER

---

APPEAL DATE: 06/27/2000

---

INDIGENCY STATUS:
GRANTED INDIGENCY STATUS AT TRIAL COURT:        _X_ YES  ____ NO
APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:  _X_ YES  ____ NO
INDIGENT STATUS REVOKED ON APPEAL:              ___ YES  _X_ NO
INDIGENT STATUS GRANTED ON APPEAL:              _X_ YES  ____ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

---

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 29/CC 1992 000394.60

DATE ORDER WAS ENTERED: 5-16-00 PETITION: _X_ DISMISSED  ___ DENIED  ___ GRANTED

---

POST-JUDGMENT MOTIONS FILED:       DT FILED      DT DENIED      CON BY AGREE
____ MOTION FOR NEW TRIAL
____ MOTION FOR JUDG. OF ACQUIT    _____      _____      _____
____ MOTION TO W/D GUILTY PLEA     _____      _____      _____
____ MOTION FOR ATTY TO W/DRAW     _____      _____      _____
____ OTHER                         _____      _____      _____

---

COURT REPORTER(S):
ADDRESS:                           _____

APPELLATE COUNSEL #1:
ADDRESS:                           _____

PHONE NUMBER:                      _____

APPELLATE COUNSEL #2:
ADDRESS:                           _____

PHONE NUMBER:                      _____

APPELLANT (PRO SE):                RILEY SAMMY
ADDRESS:                           LIMESTONE CORR AIS 164075
                                   CAPSHAW        ,  AL  357420066
AIS #:                             000164075

APPELLEE (IF CITY APPEAL):
ADDRESS:                           _____

---

I CERTIFY THAT THE INFORMATION PROVIDED              OPERATOR: SHC
ABOVE IS ACCURATE TO THE BEST OF MY              PREPARED: 07/05/2000
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO          _____
THIS ACTION ON THIS 5 DAY OF July 2000              CIRCUIT COURT CLERK

| State of Alabama<br>Unified Judicial System<br><br>rm ARAP- 14        11/91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number<br><br>CC 92 – 394.60 |
| --- | --- | --- |

| TO:  THE CLERK OF<br>       THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL:  6/27/00 |
| --- | --- |

APPELLANT

    SAMMY RILEY

V.  STATE OF ALABAMA

---

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of ___29___ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

Dated this ___25___ day of ___July_____ , __2000__ .

_____
Circuit Clerk
Larry Dozier