(CR-99-2069)

# IN THE ALABAMA CRIMINAL COURT OF APPEAL

SAMMY RILEY,

APPELLANT,

VS.

STATE OF ALABAMA,

APPELLEE.

---

ON APPEAL FROM THE CIRCUIT COURT OF ELMORE
COUNTY, ALABAMA

HONORABLE BEN A. FULLER, PRESIDING JUDGE

( CC-92-394.60 )

---

BRIEF AND ARGUMENT IN SUPPORT

---

BRIEF OF APPELLANT

SAMMY RILEY

P.O. BOX 66

CAPSHAW, ALABAMA 35742-0066



EXHIBIT 13

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................. 1

STATEMENT OF THE CASE................................................. 2

STATEMENT OF THE FACTS................................................ 3

ISSUE PRESENTED FOR REVIEW............................................ 4

ARGUMENT IN SUPPORT................................................... 5

CONCLUSION............................................................ 7

CERTIFICATE OF SERVICE................................................ 7

TABLE OF AUTHORITIES

Barbee vs. State, 417 So. 2d 611 (Ala. Cr. App. 1982).............. 5

Beck vs. State, 396 So. 2d 645 (Ala. 1980).............. 5

Ross vs. State, 529 So. 2d 1074 (Ala. Cr. App. 1988).............. 6

Walker vs. State, 523 So. 2d 528 (Ala. Cr. App. 1988).............. 6

Wesley vs. State, 448 So. 2d 468 (Ala. Cr. App. 1984).............. 6


OTHER AUTHORITIES

ALABAMA CODE 1975, §13A-6-3 (a)(1).............. 5

ALABAMA CODE 1975, §13A-5-40 (a)(2).............. 5

ALABAMA CODE 1975, §13A-1-9 (a).............. 5

ALABAMA CODE 1975, §13A-6-2 (a)(1).............. 6

## STATEMENT OF THE CASE

This is an appeal of appellant's Rule 32 petition where he entered a plea of guilty to an offense for which wasn't named in his indictment.

The trial court dismissed appellant's rule 32 petition after the State entered their response. Appellant then gave proper notice of appeal to this court. This appeal follows.

STATEMENT OF THE FACTS

The charge which appellant plead guilty to wasn't a lesser included offense of the original charging indictment. Under the Rules of this Court the offense for which appellant was pleading guilty to must have been names as a lesser included offense of the original charging indictment.

the trial court accepted appellant's plea and sentenced him to life in prison for manslaughter which wasn't the lesser included offense of Capital Murder. i.e Murder by the defendant during a robbery in the first degree or attempt therof committed. §13A-5-40 (a)(2).

Therefore by the offense not being a lesser included offense the trial court was without jurisdiction to render the judgment or to impose the sentence.

ISSUE PRESENTED FOR REVIEW

WAS THE OFFENSE APPELLANT PLEAD GUILTY TO A LESSER INCLUDED OFFENSE OF THE ORIGINAL CHARGING INDICTMENT ?

<u>NO !</u>

-4-

ARGUMENT IN SUPPORT

WAS THE OFFENSE APPELLANT PLEAD GUILTY TO A LESSER
INCLUDED OFFENSE OF THE ORIGINAL CHARGING
INDICTMENT ?

NO !

Appellant contends that in the absent of an indictment, information or complaint, upon which prosecution should have begun, the trial court was without jurisdiction to render judgment or to impose the sentence. Barbee vs State, 417 So. 2d 611 (Ala. Cr. App. 1982). The charge in which appellant plead guilty to was manslaughter under Alabama Code 1975, §13A-6-3 (a)(1), from the original charging indictment Capital Murder under Alabama Code 1975, §13A-5-40 (a)(2). It's appellant's present contention that manslaughter isn't a lesser included offense under Alabama Code 1975 §13A-1-9 (a) (lesser included offenses) of the original charging indictment.

However, the amendment to Alabama Rules of Criminal Procedure, Rule 15.5 (a), only allow the State and trial court to amend an indictment to an offense that is a lesser included offense. Appellant avers that the elements of capital murder under §13A-5-40 (a)(2) requires that petitioner intentionally kill the victim during the course of a first degree robbery. Both intentionally killing and robbery must be proven to sustain a conviction. Beck vs. State, 396 So. 2d 645 (Ala. 1980). However,

-5-

in Walker vs. State, at 523 So. 2d 525 (Ala. Cr. App. 1988), the court held that Reckless murder was not a lesser included offense of intentional murder of two or more people. In regarding the statutory provision together, the court concluded that the murder charge in §13A-5-40 (a)(10) is intentional murder as defined in §13A-6-2 (a)(1), and at the time these statues were written reckless murder as defined as §13A-6-2 could be a lesser included offense of intentional murder in the capital offense, provided the requirements of §13A-1-9, which defines lesser included offenses.

There is no provision for intentional murder under §13A-6-2 (a)(2) or (3), and because there's no degree in murder, manslaughter can not be a lesser included offense of capital murder §13A-5-40 (a)(2). Reckless murder during the commission of another offense will not support a judgment of conviction. The killing must be intentionally. Therefore the plea that appellant entered was void because the charge did not rest upon an indictment information or complaint. Ross vs. State, 529 So. 2d 1074 (Ala. Cr. App. 1988).

By the record herein on appeal upon its facts clearly shows that the trial court was without jurisdiction to render the judgement or to impose the sentence, because such judgment was null and void and no force of effect. Wesley vs. State, 448 So. 2d 468 (Ala. Cr. App. 1984).

therefore this court should vacate the plea that appellant enetered.

-6-

CONCLUSION

THE CHARGE APPELLANT PLEAD GUILTY TO DID NOT REST UPON AN INDICTMENT, INFORMATION OR COMPLAINT, THEREFORE, IT VOID !

CERTIFICATE OF SERVICE

I hereby certify that I have mailed a true and correct copy of the foregoing upon the attorney general for the state of alabama and mailing the same to the clerk of this court. All postage is paid.

This the 31 day of July, 2000

_Sammy Riley 164015_
SAMMY RILEY/ APPELLANT