*[handwritten note: blacked out / brief to him again on 9/8/w. He is at Limestone.]*

CR-99-2069

IN THE ALABAMA COURT OF CRIMINAL APPEALS

SAMMY RILEY,

APPELLANT,

VS.

STATE OF ALABAMA,

APPELLEE.

ON APPEAL FROM THE CIRCUIT COURT OF
ELMORE COUNTY, ALABAMA

---

BRIEF AND ARGUMENT

---

OF

BILL PRYOR
ATTORNEY GENERAL

AND

JACK W. WILLIS
ASSISTANT ATTORNEY GENERAL

ATTORNEYS FOR APPELLEE

Office Of The Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii

STATEMENT OF THE CASE AND FACTS ..................................... 1

ISSUE PRESENTED FOR REVIEW ................................................. 3

ARGUMENT .......................................................................................... 4

   THE ORDER OF THE TRIAL COURT DISMISSING
   RILEY'S PETITION SHOULD BE AFFIRMED
   BECAUSE THE PETITION IS PRECLUDED AND
   LACKS MERIT. ............................................................................. 4

CONCLUSION ...................................................................................... 6

CERTIFICATE OF SERVICE ............................................................ 7

# TABLE OF AUTHORITIES

**Cases**

Fox v. State, 650 So. 2d 210 (Ala. Crim. App. 1994)......................4

**Rules**

A.R.CR.P. Rule 32.2(c) ................................................................5

A.R.CR.P. Rule 32.7(d) ...............................................................5

## STATEMENT OF THE CASE AND FACTS

This is an appeal of the denial of the petition for post-conviction relief filed by the appellant, Sammie Riley, in the Elmore County Circuit Court on April 13, 2000, Judge Ben A. Fuller, presided. (C.6) In his petition, Riley states he is entitled to relief from his December 12, 1992, guilty plea conviction of manslaughter. (C.6) He did not appeal the conviction. (C. 7)

Riley asserts as his sole ground for relief in his petition, the court was without jurisdiction to render the judgment or to impose the sentence. (C. 1) Riley alleges the court lacked jurisdiction to render the judgment because he was allowed to plead guilty to manslaughter, a charge for which he claims is not a lesser included offense of capital murder, the charge which he was originally indicted. (C. 15-17)

On May 16, 2000, the State filed its response to Riley's petition, and in its motion to dismiss, the State asserted the following as grounds for dismissal:

> Petitioner asserts that a charge of 13-5-40(a)(2), Capital Murder, cannot be amended to Manslaughter. Petitioner argues that according to Beck v. State, 396 So. 2d 645 (Ala. 1980), the elements 13-5-40(a)(2) are robbery and an intentional killing. Petitioner further argues that according to Walker v. State, 523 So. 2d 528, reckless murder is not a lesser included offense of the intentional murder of two or more people. Petitioner asserts that because of 13-5-40(a)(2) requires an intentional crime and a reckless crime cannot be a lesser included offense of an intentional crime, the indictment for 13-5-40(a)(2) could not have been amended to manslaughter.

1

of the Code of Alabama, the Respondent has found no evidence that intentional murder is required under 13-5-40(a)(2). Section 13A-5-40(a)(2) states only "Murder by the defendant during a robbery in the first degree or an attempt thereof". There is also ample case law where reckless murder has been ruled to be a lesser included offense under various subsections of 13-5-40(a). <u>D.D.A. v. State</u>, 650 So. 2d 571 (Ala. Crim. App. 1994), <u>Fox v. State</u>, 659 So. 2d 210 (Ala. Crim. App. 1994). Further, 13-5-41, Code of Alabama, specifically states "Lesser included offense shall be defined as provided in 13A-6-2(a), and when there is a rational basis for such a verdict, include but are not limited to, murder as defined in Section 13A-5-6-40(a) upon which the indictment is based". Section 13A-5-41 includes both types of murder under Section 13A-6-2(a), intentional murder under (a)(1), and reckless murder under (a)(2). Because the State could meet its burden by proving a reckless murder, manslaughter is a lesser included offense of 13-5-40(a)(2) and the indictment was properly amended. Therefore, the Petitioner's claim that the Court was without jurisdiction to render the judgment or impose sentence in the above-styled case is without merit. (C. 18, 29)

On June 10, 2000, the circuit court issued its order dismissing Riley's petition, and in doing so, stated: "Petitioner's asserts [sic] that the court was without jurisdiction to render the judgment or to impose sentence in the above-styled case is without merit." (C. 22)

Notice of appeal was timely filed.

2

## ISSUE PRESENTED FOR REVIEW

SHOULD THE ORDER OF THE TRIAL COURT DISMISSING RILEY'S PETITION BE AFFIRMED BECAUE THE PETITION IS PRECLUDED AND LACKS MERIT?

## ARGUMENT

### THE ORDER OF THE TRIAL COURT DISMISSING RILEY'S PETITION SHOULD BE AFFIRMED BECAUSE THE PETITION IS PRECLUDED AND LACKS MERIT.

In his petition, Riley states he is entitled to relief from his December 12, 1992, guilty plea conviction of manslaughter. (C. 6) He did not appeal the conviction. (C. 7) Riley asserts as his sole ground for relief, the court was without jurisdiction to render the judgment or to impose the sentence. (C. 10)

The State asserts the order of the trial court dismissing Riley's petition was proper because the petition is precluded and lacks merit.

Riley asserts the court lacked jurisdiction to render the judgment because he claims the charge he pleaded guilty to, manslaughter, is not a lesser included offense of the charge for which he was originally indicted, capital murder. (C. 15-17)

In Fox v. State, 650 So. 2d 210, 213 (Ala. Crim. App. 1994), the Alabama Court of Criminal Appeals noted that Fox, who had been indicted under a capital murder charge, was entitled to a jury instruction on the lesser included offense of manslaughter under the facts of his case.

The State asserts Riley has failed to plead and prove any facts or law that would remove his guilty plea conviction of manslaughter from being included as a lesser offense of capital murder. Because Riley has

4

not shown that his manslaughter conviction could be a lesser included offense within the capital murder offense, he has failed to establish a jurisdictional claim for relief.

Because Riley has failed to allege and prove a jurisdictional claim for relief, this petition is precluded by the two-year statute of limitations of Rule 32.2(c), <u>Alabama Rules of Criminal</u>. Riley pleaded guilty December 12, 1992, and this petition was not filed until April 13, 2000. (C. 6) The two-year statute of limitations of Rule 32.2(c), has expired.

Additionally, Riley has not attached any copies of the charges or indictment he alleges he was initially charged with, nor has he stated what facts supported the alleged capital murder indictment, therefore this allegation of lack of jurisdiction is a bare allegation unsupported by fact or law and is also due to be dismissed pursuant to Rule 32.7(d), <u>Alabama Rules of Criminal Procedure</u> for failing to state any claims entitling him to relief.

The order of the trial court dismissing Riley's petition was proper because the petition is precluded and lacks merit.

5

## CONCLUSION

Based on the foregoing, the appellant's conviction and sentence are due to be affirmed.

Respectfully submitted,

BILL PRYOR
ATTORNEY GENERAL
BY:

_____
JACK WILLIS
ASSISTANT ATTORNEY GENERAL

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2000, a copy of the foregoing was served on the attorney for the appellant by placing the same in the United States Mail, first class postage prepaid and addressed as follows:

Sammy Riley
A.I.S. #16407X
P. O. BOX 66 Dorm 11
Capshaw, AL  35742

*Jack W Willis*
JACK W. WILLIS
ASSISTANT ATTORNEY GENERAL

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery AL  36130-0152
(334) 242-7300
27455/RILEY