IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| SAMMY RILEY, #164 074 | * |
| Petitioner, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-463-T |
| | WO |
| CHERYL PRICE, WARDEN, | * |
| *et al.*, | |
| | * |
| Respondents. | |

_____

**O R D E R**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Sammy Riley, a state inmate, on May 16, 2005. Petitioner seeks to challenge his conviction, pursuant to his plea of guilty, for manslaughter entered against him by the Circuit Court for Elmore County, Alabama in December 1992. Petitioner did not appeal his conviction.

In accordance with the orders of this court, Respondents filed an answer in which they argue that the petition for habeas corpus relief is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions, *see* 28 U.S.C. § 2244(d)(1),[1] as it was not filed within the one-year "grace period" allowed in this Circuit. Specifically, Respondents assert that because Petitioner's became final before the effective date of the AEDPA, he was

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

allowed until April 24, 1997 in which to file a § 2254 petition.    Although Petitioner filed a state post-conviction petition challenging his manslaughter conviction on April 13, 2000, this action had no effect on the limitation period as it was filed after the limitation period expired. Because Riley's conviction became final prior to April 24, 1996, he had until April 24, 1997 to challenge his 1992 manslaughter conviction.

Upon review of the pleadings filed in this case, it appears to the court that Petitioner failed to file the instant § 2254 petition within the time allowed by the law of this Circuit.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. Petitioner was convicted of manslaughter by the Circuit Court for Elmore County in December 1992. Since Petitioner failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of this conviction. By operation of law, Riley's conviction, therefore, became final forty-two days after imposition of sentence as this is the date on which his time to seek direct review expired.[2] *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.

In light of the foregoing, it is clear that Petitioner's manslaughter conviction became final prior to enactment of the AEDPA. Thus, if the AEDPA were applied retroactively, the one-year limitation period contained in section 2244(d)(1)(A) would have expired on

---

[2] Petitioner lists the date of his conviction as December 12, 1992. December 12, 1992 was a Saturday. The precise date of Petitioner's conviction is not entirely clear from the documents and records before the court, but the court is satisfied from the record before it that Petitioner's conviction became final by operation of law in early 1993.

Petitioner's conviction in 1994. However, the Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Riley], whose conviction became final long prior to the effective date of the AEDPA . . . 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). The Court further held that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date."

As previously noted, Petitioner's manslaughter conviction became final in 1993. The applicable limitation period therefore began to run on April 24, 1996 upon enactment of the AEDPA and ran uninterrupted until its expiration. In light of the foregoing, the time allowed Petitioner for the filing of a federal habeas petition expired on April 24, 1997.

The instant habeas petition was filed on May 16, 2005. Under the circumstances of this case as outlined herein, the reasonable time period afforded Petitioner under *Goodman* and *Wilcox* expired over eight (8) years prior to Petitioner filing his federal habeas petition. Accordingly, it is

ORDERED that on before July 6, 2005 Petitioner shall show cause why the instant petition for federal habeas corpus relief should not be dismissed as it was not filed within a reasonable time after enactment of the AEDPA.

Done, this 17th day of June, 2005.

/s/ Vanzetta Penn McPherson

                    VANZETTA PENN MCPHERSON
                    UNITED STATES MAGISTRATE JUDGE