IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| SAMMY RILEY, #164 074 | * |
| Petitioner, | * |
| v. | *   2:05-CV-463-MHT |
| | (WO) |
| CHERYL PRICE, WARDEN, | * |
| *et al.*, | |
| | * |
| Respondents. | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Sammy Riley ["Riley"] on May 16, 2005. In December 1992 Riley entered a plea of guilty to manslaughter in the Circuit Court for Elmore County, Alabama, and received a sentence of life imprisonment. Riley did not appeal his conviction or sentence. (*See* Doc. No. 7, Exhs. A, C, D.)

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). Respondents contend that because Riley's conviction became final in January 1993 -- **before** the effective date of the statute of limitations -- he had until April 24, 1997 to file his § 2254 petition. Although Riley filed a state post-conviction petition in the state court on April 13, 2000 challenging his

conviction, Respondents assert that it had no effect on the limitation period as Riley's collateral challenge was filed after the limitation period expired. (*See* Doc. No. 7 at pgs. 2-3.) *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001).

Based on Respondents' argument, the court entered an order advising Riley that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). (Doc. No. 8.) Although the order also gave Riley an opportunity to show cause why his petition should not be barred from review by this court, he has filed no response. Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that the pending § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## II. DISCUSSION

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Riley was convicted of manslaughter by the Circuit Court for Elmore County and sentenced to life imprisonment in December 1992. Since he failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his conviction. By operation of law, Petitioner's conviction, therefore, became final forty-two days after imposition of sentence as this is the date on which his time to seek

direct review expired.[1]  *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.

A one year statute of limitations is applicable to habeas corpus petitions filed in non-capital cases for persons convicted in a state court.  28 U.S.C. § 2244(d)(1).[2]  28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires.  Riley's conviction became final prior to enactment of the AEDPA.  Thus, if the

---

[1] Riley lists the date of his conviction as December 12, 1992.  This day landed on a Saturday.  The precise date of Riley's conviction and sentencing proceedings is not entirely clear from the documents and records before the court, but the court is satisfied from the record before it that Petitioner's conviction became final by operation of law in early 1993.

[2] This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

AEDPA were applied retroactively, the one-year limitation period contained in section 2244(d)(1)(A) would have expired on his convictions in 1994. The Eleventh Circuit has held, however, that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Riley], whose conviction became final prior to the effective date of the AEDPA [*i.e.*, April 24, 1996] ... 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). The Court further determined that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date." *Id*.

As noted, Riley's conviction became final in 1993. The applicable limitation period, therefore, began to run on April 24, 1996, upon enactment of the AEDPA, and ran uninterrupted until its expiration on April 24, 1997. Riley's first collateral petition was filed in state court on April 13, 2000, almost three years after the applicable limitation period expired. Consequently, it had no effect on the limitation period. *See Webster*, 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1335 n.4.

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition," *Helton v. Sec'y*

*for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id*. at 1286.

Here, the court finds no basis upon which to extend the one-year deadline. Riley has not demonstrated that his claims should otherwise be subject to equitable tolling. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (tolling is appropriate where "extraordinary circumstances that are both beyond [petitioner's] control and unavoidable even with diligence" exist.).

### III. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Sammy Riley be DISMISSED with prejudice as time-barred.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **March 24, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of March 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE